REQUESTED BY: Dear Senator DeCamp:
You call our attention to Neb.Rev.Stat. § 30-2821(2)(f) (Supp. 1980), which provides that a trustee has the power `To deposit, but not to invest, trust funds in a financial institution, including a financial institution operated by the trustee as otherwise authorized by law or regulations governing trustees.' You state that if this is interpreted to prohibit a trustee from investing trust funds in any financial institution, a remedial amendment will have to be introduced at the next session of the Legislature.
It would serve no useful purpose for us to attempt to reach any absolute conclusion in answer to your question. This section of the statutes does not deal with the duties of any governmental body, but with the rights and duties of private persons and corporations. Regardless of what we say, trustees and beneficiaries of trusts may reach different conclusions, and our opinion will have no significance.
However, we can say that the statute can be construed to prohibit investments in financial institutions, which may be sufficient for your purposes.
The opposite construction is possible, and a plausible argument can be made that § 30-2821(2) is a grant of power to trustees, and not a restriction on such powers. Subsection (1) of that section provides:
 "From time of creation of the trust until final distribution of the assets of the trust, a trustee has the power to perform, without court authorization, every act which a prudent person would perform for the purposes of the trust including, but not limited to, the powers specified in subsection (2) of this section."
Were we required to come to a definition conclusion, we might argue that subsection (2)(f) was intended to authorize a trustee to make deposits in financial institutions, but was not intended to specifically authorize investments in such institutions. If, however, such an investment was an act which `a prudent person would perform,' as contemplated by subsection (1), we might argue that subsection (2) was not to be construed as a limitation on that power.
However, the deliberate insertion of the phrase, `but not to invest' into subsection (2)(f) can certainly be interpreted as a manifestation of an intention of the Legislature, not very clearly expressed, to prohibit such investments. We have discussed this matter with some attorneys representing institutions acting as trustees, and their general approach seems to be that it would be dangerous for a trustee to make such investments, as the statute now reads. Therefore, if it was not the intention of the Legislature to prohibit investments by trustees in financial institutions, corrective legislation would seem to be called for.